### GERTRUDE HACKER *vs.* JOHANNA K. NITSCHKE.

Essex.     November 5, 1941. — January 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Seasonal letting of furnished dwelling. *Contract,* Implied. *Pleading, Civil,* Declaration.

A tenant, who hired from the owner a fully furnished beach cottage for a month in the summer and was injured when a ladder forming part of the furnishings, which he was using properly for its intended purpose, gave way because of a concealed defect in its supports, was entitled to recover from the landlord for breach of an implied agreement that the ladder was fit for such purpose, even though the landlord had no knowledge of the defect and was not negligent respecting it.

Under G. L. (Ter. Ed.) c. 231, § 7, Sixth, in the form appearing in St. 1939, c. 67, § 1, a cause of action in contract set forth in one count of a declaration containing also a count in tort based on the same matter may be maintained, if supported by evidence, although there is no averment that the counts are for the same cause of action and the writ states the action to be in tort.

TORT.   Writ in the Superior Court dated July 25, 1939.

A verdict for the plaintiff in the sum of $700 was recorded with leave reserved before *Beaudreau,* J., who later ordered entered a verdict for the defendant.

*J. P. Kane,* for the plaintiff.

*W. H. Keller,* for the defendant.

QUA, J.   In this action for personal injuries the sole question is whether there was any evidence to warrant the verdict of the jury for the plaintiff.

The defendant, the owner of a newly completed cottage at Salisbury Beach, rented it, furnished, to the plaintiff for

a period of four weeks beginning July 1, 1938. Among the furnishings was a movable framework containing an upper and a lower berth. Access to the upper berth could be had by means of a movable wooden ladder, also furnished by the defendant. The ladder consisted of two stringers supporting five steps. There seems to have been no dispute that it was supplied with two angle irons, one of which substantially covered the top of each stringer; that each angle iron was attached to the top of its stringer by two screws; that each iron projected horizontally from the top of its stringer and then turned downward in such a manner that when the ladder was placed upon the floor and leaned against the side board of the upper berth, the iron would hook over the top of the side board; and that the ladder was designed to be used in this way. From testimony introduced by the plaintiff it could have been found that the ladder furnished was made of soft pine, and that the screws holding the angle irons to the stringers were five eighths to three quarters of an inch in length and were screwed into the soft wood "with the grain of the wood." We think "with the grain of the wood" could be found to mean into the top end of the stringers, since if the screws were driven into the sides or edges of the stringers they would be screwed across the grain of the wood and not "with" it. There was evidence that there was no rubber upon the "feet" of the ladder. There was evidence that while the plaintiff was occupying the cottage she ascended the ladder, stood on the fourth step and leaned forward over the upper berth to "dress" it, and that the two angle irons or "hooks" came off the ladder in consequence of the four screws pulling out of the wood, allowing the ladder to slip from under the plaintiff's feet and causing her to fall upon the side board of the upper berth.

From this evidence it could be found that when the cottage was rented the ladder was defective and unfit for use in the manner in which it was designed to be used, because of the danger of the four short screws pulling out of the ends of the soft wooden stringers, and that while the plaintiff was properly using the ladder in the manner in which it was obviously intended to be used she was injured in consequence

of the defect. *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334, 336. *Sleeper* v. *Park,* 232 Mass. 292, 296.

Commonly the landlord is not liable to the tenant for defects existing in the premises and their appurtenances when he lets them, unless they are hidden defects and the landlord knows of their existence and fails to warn the tenant. *Stumpf* v. *Leland,* 242 Mass. 168, 171. *Pittsley* v. *Acushnet Saw Mills Co.* 299 Mass. 252. There was no evidence that the defendant knew of the defect and although it appeared that the house and the ladder had been constructed by the defendant's husband, who was a builder, it is doubtful whether, on this record, a finding would have been warranted that he was the defendant's agent as to the details of construction so as to charge her with any knowledge he may have had.

But the plaintiff was entitled to go to the jury upon another ground. In *Ingalls* v. *Hobbs,* 156 Mass. 348, it was held that one, who lets for a short term of a few days, weeks, or months a fully furnished house supposedly equipped for immediate occupancy as a dwelling without the necessity of any fitting up or furnishing by the tenant, impliedly agrees that the house and its appointments are suitable for occupation in their condition at the time. This is a departure from the general rule and should be confined within narrow limits. But *Ingalls* v. *Hobbs* has been cited in more recent cases and so far as we are aware has not been doubted in this Commonwealth. *Littlehale* v. *Osgood,* 161 Mass. 340, 343. *Bolieau* v. *Traiser,* 253 Mass. 346, 349. *Chelefou* v. *Springfield Institution for Savings,* 297 Mass. 236, 239. See *Dutton* v. *Gerrish,* 9 Cush. 89, 94. The case at bar falls within the principle of *Ingalls* v. *Hobbs* and is not taken out of that principle because the plaintiff brought with her some bed linen, knives and forks, two chairs for her little girl, and a few other articles of personal convenience. Nor does the fact that the plaintiff was shown through the house before she hired it prevent the application of this principle, at least as to such defects as it could be found an ordinary examination of the house would fail to reveal. See *Ingalls*

*v. Hobbs,* 156 Mass. 348, 350. Upon the letting of the completely furnished house for immediate occupancy an implied agreement arose that the house and its appointments were fit for the use for which they were apparently intended. The jury could find that there was a breach of that agreement with respect to the ladder, and that the plaintiff suffered injury in consequence of that breach.

The plaintiff was entitled to go to the jury on the basis of breach of contract. Her rights did not depend upon proof of any negligence of the defendant. The writ refers to the action as in tort, and the first and third counts of the declaration as amended allege negligence. But the second count does not allege negligence. It alleges the letting on or about July 1 of the fully furnished house for four weeks in that same month, the existence of the defect, and the consequent injury to the plaintiff. This count is a sufficient count in contract. It alleges the facts upon which an implied contract arose, and the facts constituting a breach of that contract. *Daddario* v. *Pittsfield,* 301 Mass. 552, 556, 557. By G. L. (Ter. Ed.) c. 231, § 7, Sixth, as appearing in St. 1939, c. 67, § 1,[1] the joining of causes of action in contract and in tort in separate counts is permitted "when they arise out of the same matter," and an averment that both counts are for one and the same cause of action is no longer required. The count in contract was properly added even though the writ still described the action as in tort. *Hulett* v. *Pixley,* 97 Mass. 29. *May* v. *Western Union Telegraph Co.* 112 Mass. 90, 93. Moreover, if there was any defect in the pleadings, which we do not intimate, it was in matter of form only and would not be a sufficient reason for taking the case from the jury at the trial. *Cammisa* v. *Ferreira,* 277 Mass. 141, 142. *Lewis* v. *Russell,* 304 Mass. 41, 44.

The exceptions are sustained. The verdict returned by the jury is to stand and judgment for the plaintiff is to be entered thereon.

*So ordered.*

---

[1] The effective date of St. 1939, c. 67, § 1, was August 1, 1939. The amendment to the declaration was allowed on January 6, 1941. — REPORTER.